UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SCOTT SHERRILL and
KEITH A. SIVERLY, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.                                                                               Case No. 04-72949

FEDERAL-MOGUL CORPORATION                      HONORABLE AVERN COHN
RETIREMENT PROGRAMS COMMITTEE;
JAMES ZAMOYSKI; RICHARD P.
RANDAZZO; RICHARD B. STEWART;
JOSEPH BREITENBECK; DAVID A.
BOZINSKY; RICHARD A. SNELL;
THOMAS W. RYAN; THOMAS P. MARTIN;
G. MICHAEL LYNCH; CHARLES G.
MCCLURE; FRANK E. MACHER; JOHN
J. FANNON; ROBERT S. MILLER, JR.;
RODERICK M. HILLS; GEOFFREY H.
WHALEN; JOHN DOES 1 TO 25; FEDERAL-
MOGUL CORPORATION SALARIED
EMPLOYEES' INVESTMENT PROGRAM;
COMERICA BANK; and STATE STREET
BANK AND TRUST COMPANY,

      Defendants.

_____/

**ORDER GRANTING COMMITTEE DEFENDANTS' MOTION TO STRIKE**

**I.**

      This is a case under the Employment Retirement Income Security Act (ERISA),

29 U.S.C. § 1001 et seq., claiming breach of fiduciary duty.  Plaintiffs Joseph Scott

Sherrill (Sherrill) and Keith A. Siverly (Siverly), former employees of Federal-Mogul

Corporation, seek recovery on behalf of themselves and others similarly situated who

participated in the Federal-Mogul Corporation Salaried Employees Investment Program (the Plan) between July 1, 1999 and October 30, 2002.  In essence, plaintiffs say that defendants, as fiduciaries of the Plan, breached their duties under ERISA by continuing to hold and invest in Federal-Mogul Corporation Common and Preferred Stock while Federal-Mogul Corporation's financial condition worsened and ultimately resulted in its filing for Chapter 11 bankruptcy protection on October 1, 2001.

Before the Court is the Committee Defendants'[1] Motion to Strike Exhibit 3 and 3A-R of their Motion for Partial Summary Judgment and Substitute Corrected Exhibits 3 and 3A-R.  For the reasons that follow, the motion is GRANTED.

II.

On April 24, 2006, the Committee Defendants filed a motion for partial summary judgment together with 32 exhibits.  The motion and the exhibits were filed using the Court's electronic case filing system, CM/ECF.  Exhibit 3 to the motion was the Declaration of Richard. P. Randazzo, dated April 22, 2006, with attached exhibits A through R.  It is part of Docket Entry # 101.  The April 22, 2006 Randazzo Declaration appears as an attachment to the main document (the motion and brief) under entry "#3 Exhibit 3."  A Randazzo Declaration dated April 18, 2006 was also electronically filed.  It appears as the first document under entry "#4 Exhibit 3A-R," the attachment to Exhibit 3.  The Committee Defendants did not intend to file the April 18, 2006 Randazzo Declaration.  It was not included in the courtesy copy provided to chambers nor in the materials served upon the non-ECF registered counsel of record.  The Committee

[1]The Committee Defendants are the Federal-Mogul Retirement Program Committee and its individual members.

2

Defendants do not rely on the April 18, 2006 Randazzo Declaration in support of their motion.

The April 18, 2006 Randazzo Declaration differs from the April 22, 2006 Randazzo Declaration in paragraphs 22 and 23.  The April 18, 2006 Randazzo Declaration contains statements which do not appear in the April 22, 2006 Randazzo Declaration.

Immediately upon discovering the error, the Committee Defendants e-mailed all counsel of record on April 26, 2006 at 2:07 p.m. explaining the situation and requesting concurrence in a motion to strike and substitute with a corrected set of exhibits which contain only the April 22, 2006 Randazzo Declaration.  At 3:43 p.m., counsel for plaintiffs responded in an e-mail stating "[w]e are not willing to destroy the 4/18/06 Randazzo Declaration and want it preserved for purposes of cross examination."

The Committee Defendants then filed the instant motion essentially requesting that the April 18, 2006 Randazzo Declaration be removed from the record and requiring those parties who received or obtained the April 18, 2006 Randazzo Declaration delete any electronic copies and shred any hard copies.

Plaintiffs vigorously object.  They argue that the April 16, 2006 Randazzo Declaration is in the public domain and is relevant evidence which the Committee Defendants should not be allowed to destroy.  Plaintiffs equate the situation with a First Amendment right of access.

Plaintiffs' reasons for opposing the motion are poorly taken and unprofessional. The April 18, 2006 Randazzo Declaration was clearly filed unintentionally.  This is particularly apparent when one looks at the documents in an electronic format.  The

April 18, 2006 Randazzo Declaration appears under the attachment entry to Exhibit 3,

as part of 3A-R.  The entry for Exhibit 3 contains the correct April 22, 2006 Randazzo

Declaration.   Mistakes happen, especially in the world of electronic filing.  The Court

has no reason to question the Committee Defendants' assertion that the April 18, 2006

Randazzo Declaration was prepared before the Committee Defendants' finalized their

summary judgment papers and contains statements which they did not intend to rely on,

and do not rely on, in support of their summary judgment motion.  Plaintiffs' attempt to

characterize the extraneous statements in the April 16, 2006 Randazzo Declaration as a

smoking gun is fatuous.  Plaintiffs are free to depose Randazzo on matters upon which

he may have personal knowledge.  Whether or not that includes the subject matter of

the statements in the April 16, 2006 Declaration is not known.  However, plaintiffs may

not use or refer to the statements in the April 16, 2006 Randazzo Declaration as such.

     Accordingly, Exhibits 3 and 3A-R to the Committee Defendants' April 24, 2006

motion for partial summary judgment motion appearing under Docket Entry #101 are

STRICKEN.  The electronic record shall so reflect.  The corrected Exhibits 3 and 3A-R

appear under Docket Entry #105.  Any party who received or obtained the prior Exhibits

3 and 3A-R shall delete any electronic copies and shred any hard copies of the April 18,

2006 Randazzo Declaration.

     SO ORDERED.

Dated:  July 26, 2006           s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

**04-72949 Sherrill, et al v. Federal Mogul Corporation, et al**

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 26, 2006, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160