UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SCOTT SHERRILL and
KEITH A. SIVERLY, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.                                                                                          Case No. 04-72949

FEDERAL-MOGUL CORPORATION                                   HONORABLE AVERN COHN
RETIREMENT PROGRAMS COMMITTEE;
JAMES ZAMOYSKI; RICHARD P.
RANDAZZO; RICHARD B. STEWART;
JOSEPH BREITENBECK; DAVID A.
BOZINSKY; RICHARD A. SNELL;
THOMAS W. RYAN; THOMAS P. MARTIN;
G. MICHAEL LYNCH; CHARLES G.
MCCLURE; FRANK E. MACHER; JOHN
J. FANNON; ROBERT S. MILLER, JR.;
RODERICK M. HILLS; GEOFFREY H.
WHALEN; JOHN DOES 1 TO 25; FEDERAL-
MOGUL CORPORATION SALARIED
EMPLOYEES' INVESTMENT PROGRAM;
COMERICA BANK; and STATE STREET
BANK AND TRUST COMPANY,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**[1]

---

[1] The Court originally scheduled this matter for hearing on November 20, 2006. Upon review of the parties' papers, and particularly the Court's comments at the status conference on September 28, 2006, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

    The Court will hear Comerica's Motion for Summary Judgment on November 20. In a letter to the Court dated October 3, 2006, plaintiffs requested argument on their motion for additional discovery. The Court has reviewed their motion and finds that it can go forward with a decision on Comerica's motion based on the papers as they stand. As such, there is no need to consider plaintiffs' motion at this time.

I.

This is a case under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., claiming breach of fiduciary duty. Plaintiffs Joseph Scott Sherrill (Sherrill) and Keith A. Siverly (Siverly), former employees of Federal-Mogul Corporation, seek recovery on behalf of themselves and others similarly situated who participated in the Federal-Mogul Corporation Salaried Employees Investment Program (the Plan) between July 1, 1999 and October 30, 2002.[2]

Before the Court is plaintiffs' Motion for Leave to File Second Amended Class Action Complaint. For the reasons that follow, the motion is GRANTED.

II.

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not to permit the amendment is committed to the discretion of the trial court. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980). This discretion, however, is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack

---

[2] Plaintiffs have moved for class certification. At the September 28, 2006 status conference, the Court indicated it would go forward with the motion. The motion is fully briefed. The motion will be scheduled for hearing after a decision on Comerica's motion for summary judgment.

of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973). See also Foman v. Davis, 371 U.S. 178, 182 (1962). Delay by itself is not sufficient to deny a motion to amend. Hageman, 486 F.2d at 484. See also General Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990). Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).

### III.

#### A.

The Seconded Amended Class Action Complaint seeks to add two additional class representatives, one of whom is a current participant in the Federal Mogul SEIP which plaintiffs says moots any arguments as to standing. Plaintiffs also say that the amended complaint "modifies and amplifies Plaintiff's factual allegations" but does not "add any new claims for relief." All of the defendants oppose the motion, as follows.

The Committee Defendants say that amending the complaint to add one of the new plaintiffs would be futile because he (Albert Beane) previously released his claims in this case in exchange for a severance agreement. The Committee Defendants also say that the other new plaintiff (Linda Caldwell) has not, as plaintiffs allege, held any ESOP Preferred Stock in her SEIP account and therefore suffered no injury and lacks standing.

The Committee Defendants also say that amending the complaint to assert

allegations as to the wisdom of Federal Mogul's pre-class period business acquisitions would be futile because such allegations cannot form the basis of a cognizable ERISA claim and would unfairly prejudice defendants.

In response, plaintiffs say that the release does not apply to Beane's claims on behalf of the Plan and the Court cannot determine the enforceability of a release on a motion to amend.[3] Plaintiffs also say that adding Caldwell is not futile because she is a current participant in the successor plan to the SEIP and has standing for the same reasons the current named plaintiffs have standing. Plaintiffs also say that the allegations pre-class period (regarding knowledge of asbestos liabilities) is relevant to whether defendants knew the SEIP would suffer losses on its investments in Federal Mogul Stock. Moreover, the case is just getting started - there is no prejudice.

Comerica says that because the current named plaintiffs lack standing, the Court is divested of jurisdiction precluding this belated motion to amend. They also say that amendment is futile because the proposed allegations against Comerica suffer from the same defects which form the basis for Comerica's motion for summary judgment. Comerica also says the motion would prejudice it and is made in bad faith.

In response, plaintiffs say that new plaintiffs can be added and amendment is not futile - plaintiffs have already survived a motion to dismiss and have shown in their response to Comerica's summary judgment motion that summary judgment cannot be granted. Plaintiffs deny any bad faith and note the difficulty in locating plaintiffs because

---

[3]In plaintiffs' October 3, 2006 letter, they requested an opportunity to brief an issue regarding the release, specifically relating to the "tender back" rule. In light of the Court's ruling, the request is denied.

there has been as yet no class notice.

State Street says that it joins in the Committee Defendant's opposition and also says that the proposed amended complaint adds facts relating to State Street's actions as a trustee and/or investment manager with respect to plans by United Airlines and W.R. Grace which took place in 2003 and 2005 - long after the relevant time period in this case. Thus, they are irrelevant.

In response, plaintiffs say that even assuming relevance is a proper ground for objecting to an amendment, the allegations are relevant.

B.

Considering all of the above, the Court is satisfied that an amended complaint should be permitted. The Court has compared the First Amended Class Action Complaint with the proposed Second Amended Class Action Complaint. Aside from adding two plaintiffs, the proposed new complaint more particularly states the allegations upon which plaintiffs' claims are based. Any arguments as to the propriety of the two new plaintiffs can be dealt with by motion after a decision on Comerica's motion for summary judgment. Importantly, this ruling is in no way intended to allow additional discovery without specific leave of Court after a showing of need.

SO ORDERED.

Dated: October 4, 2006　　　　　　　　s/Avern Cohn
　　　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 4, 2006, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　s/Julie Owens
　　　　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160