IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOSEPH SCOTT SHERRILL and<br>KEITH A. SIVERLY, individually and<br>on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>FEDERAL-MOGUL CORPORATION<br>RETIREMENT PROGRAMS COMMITTEE, et al.,<br><br>                Defendants. | Case No. 04-72949<br><br>Judge Avern Cohn |

## ORDER AND FINAL JUDGMENT[1]

And now this 12th day of July, 2007:

(a) Upon consideration of all documents filed in support of (i) *Plaintiffs'* Motion for Final Approval of Class Action Settlement Agreement (the "Final Approval Motion") and Motion for Order Preliminarily Certifying Settlement Class, Granting Preliminarily Settlement Approval, Approving Form and Method of Notice, and Setting Date and Time for Fairness Hearing on Final Approval ("Preliminary Approval Motion"); (ii) the *Plan of Allocation*; (iii) *Class Counsel's* Petition for Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Payments to Class Representatives ("Compensation Motion") (collectively, the "Motions") and (iv) all objections filed to granting the relief requested in the Motions;

(b) the *Court* having entered on April 24, 2007, its Findings and Order Preliminarily Certifying Settlement Class, Granting Preliminary Settlement Approval, Approving Form and

---

[1] Italicized terms not otherwise deferred in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement.*

Method of Notice, and Setting a Date and Time for Fairness Hearing on Final Approval ("*Preliminary Approval Order*");

(c) the *Court* having received declarations attesting to the mailing of the *Class Notice* and the publication of the *Summary Notice* in accordance with the *Preliminary Approval Order*; and the *Court* having been advised that Fiduciary Counselors, Inc., the *Independent Fiduciary* retained by *Federal-Mogul* to review the *Settlement* on behalf of the *Plan*, has given its approval to the *Settlement*; and

(d) a hearing having been held before this *Court* on July 12, 2007 (the "*Fairness Hearing*") (i) to determine whether to grant the *Final Approval Motion*; (ii) to determine whether to approve the *Plan of Allocation*; (iii) to determine whether to grant the Compensation Motion; and (iv) to rule upon such other matters as the *Court* might deem appropriate,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The *Court* has jurisdiction over the subject matter of this action, all members of the *Settlement Class*, and all *Defendants* pursuant to 29 U.S.C. § 1132(e).

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the *Settlement Class* has been given proper and adequate notice of: the *Settlement Agreement*, the *Fairness Hearing*, the Compensation Motion, and the *Plan of Allocation* Motion, such notice having been carried out in accordance with the *Preliminary Approval Order*. The notice and notice methodology implemented pursuant to the *Settlement Agreement* and the *Court*'s *Preliminary Approval Order* [2] (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the

---

[2] *Class Counsel* advised the *Court* prior to the *Fairness Hearing* that the *Summary Notice* was not published 60 days prior to the *Fairness Hearing*, although notice was mailed to the last known address of class members and posted on *Class Counsel*'s websites. In light of the notice that had been given, the *Court* found it appropriate to hold the *Fairness Hearing* as planned. The Court further finds that notice is adequate under the circumstances.

*Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3. The *Settlement Agreement* in this action warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to those it affects and in the public interest based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the *Settlement*; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) the fairness of the *Settlement* to the unnamed class members; (f) the number of objections to the *Settlement Agreement* by *Settlement Class* members and the lack of objection by the *Independent Fiduciary*; (g) the fact that the *Settlement* is the product of extensive arm's length negotiations; and (h) the fact that this *Settlement* is consistent with the public interest. *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983)).

4. The Final Approval Motion hereby is GRANTED, and the *Settlement* hereby is APPROVED as fair, reasonable, adequate, in the best interests of the *Plan* and *Settlement Class* members and in the public interest. The terms of the *Settlement* are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of participants and beneficiaries of the *Plan* in compliance with *ERISA*. The *Parties* are directed to consummate the *Settlement* in accordance with the terms of the *Settlement Agreement*.

5. No members of the *Settlement Class* filed objections to the *Settlement Agreement*.

6. The *Court* determines that the *Settlement Agreement* was negotiated vigorously, in good faith, and at arm's-length, by the *Named Plaintiffs* and *Class Counsel* on behalf of the *Plan* and the *Settlement Class* members. The *Court* is aware that the *Settlement* was reached after multiple intensive mediation sessions, which were presided over by two private mediators. The *Court* finds that the *Named Plaintiffs* have acted independently and that their interests are identical to the interests of the *Plan* and the *Settlement Class* members.

7. The *Plan of Allocation* is hereby APPROVED as fair, adequate, and reasonable. *Class Counsel* shall direct the *Escrow Agent*, as that term is defined in the *Settlement Agreement*, to disburse the *Net Proceeds* to the Master Trust for the Federal-Mogul Corporation Investment Program ("*401(k) Plan*") for distribution by the *401(k) Plan's* trustee in accordance with the *Plan of Allocation*. Upon this Order becoming *Final*, the *Escrow Agent* is hereby directed to disburse the *Net Proceeds* to the Master Trust, subject to any amounts withheld by *Class Counsel* for the payment of the taxes and related expenses as authorized in the *Settlement Agreement*.

8. The *Defendants* shall direct the *401(k) Plan's* trustee to distribute the *Net Proceeds* received by the Master Trust for the *401(k) Plan* in accordance with the *Plan of Allocation*.

9. The *Court* hereby approves the maintenance of this *Action* as a mandatory non-opt-out class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2). The *Settlement Class* consists of the following individuals:

> All participants in or beneficiaries of the Federal-Mogul Corporation Salaried Employees Investment Program (the "*Plan*") between July 1, 1999, and October 30, 2002, for whose benefit the *Plan* invested or maintained investments in the Federal-Mogul Common Stock Fund and/or Federal-Mogul Corporation Series C ESOP Convertible Preferred Stock ("*Preferred Stock*").

10. The *Court* finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied in that:

   a. The *Settlement Class*, consisting of more than twelve thousand members, is so numerous that joinder all of its members would be impracticable;

   b. There are questions of fact and law common to the *Settlement Class*, including whether the *Defendants* breached their fiduciary duties with respect to investments in the *Common Stock Fund*; whether *Defendants* breached their fiduciary duties with respect to investments in *Preferred Stock*; whether *Defendants* breached their fiduciary duties by failing to provide complete and accurate information to participants; and whether the *Plan* suffered losses;

   c. The *Named* Plaintiffs, Joseph Scott Sherrill, Keith A. Siverly, Linda J. Caldwell, and Albert T. Beane are members of the *Settlement Class*, and their claims are typical of the claims of the *Settlement Class*;

   d. The *Named Plaintiffs* are suitable for appointment as representatives of the *Settlement Class* and have and will fairly and adequately protect the interests of the *Settlement Class* in that (i) the interests of *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class;* and (iii) the *Named Plaintiffs* have retained qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated *ERISA* class actions;

   e. The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual

class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the *Action*;

    f.  The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests;

    g.  *Defendants* have acted or refused to act of grounds generally applicable to the *Settlement Class* members*,* thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the *Settlement Class* as a whole;

    h.  The definition of the *Settlement Class* is sufficiently precise and proper notice was provided to the *Settlement Class*; and

    i.  *Class Counsel* is appropriately qualified and suitable for appointment to represent the *Settlement Class*, in that *Class Counsel* has done extensive work identifying and investigating potential claims in the action, and has vigorously and ably represented the interests of the *Settlement Class* throughout this litigation; *Class Counsel* is experienced in handling class actions, other complex litigation and claims of the type asserted in the *Action*; *Class Counsel* is knowledgeable of the applicable law; and *Class Counsel* has committed the necessary resources to represent the *Settlement Class*.

  11.  Based on the work performed by *Class Counsel* and the results achieved, the Compensation Motion hereby is GRANTED. Having reviewed the record, and the evidence presented in support of the Compensation Motion, including, but not limited to, the declarations of *Class Counsel*, the *Court* finds that *Class Counsel* vigorously and adequately represented the

*Settlement Class* for purposes of entering into and implementing the *Settlement Agreement*. The *Settlement* was negotiated at arm's length by experienced counsel, who were fully informed of the facts and circumstances, and strengths and weaknesses of their respective positions. The *Settlement* was not reached until after the parties had engaged in extensive negotiations directly and with the assistance of professional mediators. *Class Counsel* and counsel for *Defendants*, thus, were well-positioned to evaluate the benefits of the *Settlement*, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

12. *Class Counsel's* requested fee award of 28 per cent of the *Settlement Fund* is reasonable when evaluated in light of (a) the value of the benefit rendered to the *Settlement Class*; (b) the value of the services on an hourly basis; (c) the fact that the services were undertaken on a contingent fee basis; (d) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (e) the complexity of the litigation; and (f) the professional skill and standing of counsel involved on both sides. *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 779 (6th Cir. 1996).

13. Accordingly, *Class Counsel* are hereby awarded attorneys' fees in the amount of 28 per cent of the *Settlement Fund*, which the *Court* finds to be reasonable under the circumstances of this case. *Class Counsel* are further awarded the sum of $310,000 as reimbursement of costs and expenses, which the *Court* finds were reasonably incurred for the benefit of the *Settlement Class* in prosecuting the *Settlement Class's* claims and in obtaining the *Settlement*, including expenses incurred in connection with experts and consultants, travel and other litigation-related expenses. The awards of attorneys' fees, costs and expenses shall be allocated among *Class Counsel* as such counsel mutually agree for their respective contributions in the prosecution of the *Action*.

14. *Class Counsel's* request for incentive payments of $15,000 each for Joseph Scott Sherrill and Keith A. Siverly, and $5,000 each for Linda J. Caldwell, and Albert T. Beane is fair and reasonable in light of the Class Representatives' substantial contribution to the litigation on behalf of the *Settlement Class*, including providing information to *Class Counsel*, reviewing and approving pleadings, assisting with discovery, preparing for and attending their depositions, and participating in settlement discussions. Accordingly, Named Plaintiffs/Class Representatives Joseph Scott Sherrill and Keith A. Siverly hereby are awarded $15,000 each, and Named Plaintiffs/Class Representatives Linda J. Caldwell and Albert T. Beane hereby are awarded $5,000 each, all payable from the *Settlement Fund*.

15. Upon this Order becoming final, *Class Counsel* is authorized, but not required, to transfer or sell the *Sherrill Allowed Claim* and deposit the proceeds of such transfer or sale into the *Escrow Account* for distribution in accordance with the terms of the *Settlement Agreement*.

16. Without further order of the *Court*, the parties may agree to reasonable extensions of time to carry out any of the provisions of the *Settlement Agreement*.

17. <u>Released Claims</u>. Except as specifically set forth in Paragraph 21 below, *Named Plaintiffs*, on behalf of themselves, the *Plan*, and the *Settlement Class*, fully, finally, and forever release, relinquish, and discharge all of the *Defendants* and *Federal-Mogul* and any person or entity that at any time served as a named or functional fiduciary or a trustee of the *Plan* (except the *Independent Fiduciary*) as well as any representative of any *Defendants* or *Federal-Mogul* or any such person or entity, including but not limited to their attorneys, agents, directors, officers, and employees, and the *Insurers* (the "*Released Parties*") from, and are forever enjoined from prosecution of all of the *Released Parties* for, any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs whether arising

under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the *Named Plaintiffs*, by or on behalf of the *Plan*, and/or by any member of the *Settlement Class*, and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the *Action*, including but not limited to, claims based on: (a) breach of *ERISA* fiduciary duties to the *Plan*, to the *Named Plaintiffs*, to the *Settlement Class*, and to the other participants and beneficiaries of the *Plan* in connection with the acquisition and direct or indirect holding of *Federal-Mogul* common stock, units of the *Common Stock Fund*, and/or *Federal-Mogul* Series C ESOP Convertible Preferred Stock by the *Plan* or the *Plan's* participants; (b) failure to provide complete and accurate information to the *Plan's* fiduciaries or the *Plan's* participants and beneficiaries regarding *Federal-Mogul, Federal-Mogul* common stock, the *Common Stock Fund*, and/or *Federal-Mogul* Series C ESOP Convertible Preferred Stock; (c) failure to appoint, remove and/or adequately monitor the *Plan's* fiduciaries; (d) violation of *ERISA* duties related to the acquisition, disposition, or retention of *Federal-Mogul* common stock, units of the *Common Stock Fund*, and/or *Federal-Mogul* Series C ESOP Convertible Preferred Stock by the *Plan*; and (e) claims that would be barred by principles of *res judicata* had the claims asserted in the *Action* been fully litigated and resulted in a final judgment or order (collectively, "*Released Claims*").

In connection with such waiver and relinquishment, *Plaintiffs* have acknowledged that they are aware that they have or may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which now are known or believed to

be true, with respect to the matters set forth in the *Action*. Nevertheless, it shall be the intention of *Plaintiffs*, through the *Settlement Agreement*, and with the advice of counsel, to fully, finally and forever to settle and release all such matters. In furtherance of such intention, the releases herein given by *Plaintiffs* shall be and remain in effect as full and complete releases of the matters set forth in the *Action*, notwithstanding the discovery or existence of any such additional or different claims or facts relative hereto.

18. <u>Releases of Named Plaintiffs, the Settlement Class and Class Counsel</u>. Subject to Paragraphs 20 & 21 below, the *Defendants* and *Federal-Mogul* fully, finally, and forever release, relinquish, and discharge, and are forever enjoined from prosecution of *Named Plaintiffs*, the *Plan,* the *Settlement Class*, and *Class Counsel* from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, or costs, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the *Defendants* or *Federal-Mogul* and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the *Action*, or the method and manner of the distribution of the *Settlement Fund* and the *Plan of Allocation*.

19. <u>Reciprocal Releases among the Defendants and Federal-Mogul</u>. Each *Defendant* and *Federal-Mogul* releases and forever discharges each and every other Person who is a *Defendant*, as well as *Federal-Mogul*, from any and all claims relating to the *Released Claims*, including any and all claims for contribution or indemnification for such claims.

20. <u>Scope of Releases</u>.  The releases set forth in Paragraphs 17-19 of this Order and Judgmen*t* (the "*Releases*") are not intended to include the release of any rights or duties arising out of the *Settlement Agreement*, including the express warranties and covenants in this *Settlement Agreement*.

The *Releases* granted herein shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions.  Accordingly, *Named Plaintiffs* hereby expressly waive, on their own behalf and on behalf of all members of the *Settlement Class* and on behalf of the *Plan*, and the *Defendants* and *Federal-Mogul* hereby expressly waive, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction.  Section 1542 reads in pertinent part:

> "A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The *Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class* and on behalf of the *Plan*, and the *Defendants* and *Federal-Mogul* each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that neither *Named Plaintiffs*, on the one hand, nor the *Defendants* or *Federal-Mogul*, on the other, would enter into this *Settlement Agreement* unless it included a broad release of unknown claims.  *Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class* and on behalf of the *Plan*, and the *Defendants* and *Federal-Mogul* each expressly agree that all release provisions in this *Settlement*

11

*Agreement* shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action. *Named Plaintiffs* assume for themselves, and on behalf of the *Settlement Class* and on behalf of the *Plan*, and the *Defendants* and *Federal-Mogul* assume for themselves, the risk of his, her or its respective subsequent discovery of understanding of any matter, fact, or law, that if now known or understood, would in any respect have affected his, her, or its entering into this *Settlement Agreement*.

21. <u>Persons and Claims Not Released</u>. The settlement and dismissal of the *Action* shall not release, bar or waive any ERISA section 502(a)(1)(B) claim for vested benefits by any *Plan* participant or beneficiary where such claims are unrelated to any matter asserted in this *Action*.

22. Without affecting the finality of this Order, jurisdiction is hereby retained over this *Action* and the *Parties*, the *Plan,* and the *Settlement Class* members for all matters relating to the *Action*, including (without limitation) the administration, interpretation, effectuation or enforcement of the *Settlement Agreement* and this *Final Order* and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the *Settlement* proceeds to the members of the *Settlement Class*.

23. Upon this Order becoming *Final*, all counts asserted in the Second Amended Complaint will be dismissed with prejudice without further order of the *Court* pursuant to the terms of the *Settlement*. In addition, the *Named Plaintiffs* and the *Settlement Class* and the *Plan* shall be deemed to have, and by operation of this *Final Order* and Judgment shall have, fully, finally, and forever released and are forever barred from the prosecution of, any and all *Released Claims*. In the event that the *Settlement Agreement* is terminated in accordance with its terms,

however: (a) this Judgment shall be null and void and shall be vacated nunc pro tunc, and (b) this action shall proceed as provided in the *Settlement Agreement*.

24. There is no just reason for delay in the entry of this *Final Order* and Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: July 13, 2007.  s/Avern Cohn  
Avern Cohn  
United States District Judge